NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



SIRANUSH ABRAHAMYAN; SARGIS
KARAPETYAN,

            Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

            Respondent.

No. 22-1532

Agency Nos.
A095-582-423
A095-394-376

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 7, 2024[**]
Pasadena, California

Before: WARDLAW, CHRISTEN, and BENNETT, Circuit Judges.

    Siranush Abrahamyan and her husband, Sargis Karapetyan, natives and

citizens of Armenia, petition for review of the Board of Immigration Appeals'

(BIA) order dismissing their appeal of an immigration judge's (IJ) order finding

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

them removable and denying Abrahamyan's application for adjustment of status to that of lawful permanent resident.[1] We assume the parties' familiarity with the facts and recite them only as necessary. "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We have jurisdiction pursuant to 8 U.S.C. § 1252(a), but our review of the agency's discretionary adjustment-of-status determination is limited to "constitutional claims" and "questions of law," 8 U.S.C. § 1252(a)(2)(B), (D). To invoke the court's jurisdiction, a constitutional or legal claim must be "colorable," *i.e.*, "the claim must have some possible validity." *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) (quoting *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005)).

We dismiss the petition because Petitioners have not advanced a colorable argument that the agency committed a legal or constitutional error by denying Abrahamyan's application for adjustment of status on the ground that Abrahamyan failed to show that she was statutorily eligible for discretionary relief. Petitioners argue that the agency violated Abrahamyan's due process rights by relying on allegedly unauthenticated exhibits. To succeed on a due process challenge,

---

[1] The BIA noted that Petitioners did not contest the IJ's "finding that [Karapetyan's] eligibility for adjustment of status is contingent upon a favorable decision on his wife's adjustment of status application." Petitioners do not challenge the IJ's finding here.

Petitioners "must show error and substantial prejudice." *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) (quoting *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000)). Petitioners fail to identify any error in the BIA's conclusion that Petitioners were not prejudiced by the IJ's admission of the challenged exhibits. The record supports the BIA's finding that Abrahamyan failed to demonstrate that she had not fraudulently obtained a benefit under the Immigration and Nationality Act (INA). Abrahamyan testified only that she could not recall whether she signed any asylum documents under a fictitious name or whether she used the employment authorization card issued to her under a fictitious name. *See* 8 U.S.C. § 1182(a)(6)(C)(i) (explaining that a noncitizen who fraudulently procures or seeks to procure a "benefit provided under [the INA] is inadmissible").

Petitioners also provide no authority for their argument that obtaining and using an employment authorization card, issued pursuant to a regulation that authorizes "employment incident to [asylee] status," is not a benefit provided by the INA. 8 C.F.R. § 274a.12(a), (a)(5). Regardless, Petitioners do not dispute that they fraudulently obtained asylum and benefited from its accompanying legal status. *See Yan Liu v. Holder*, 640 F.3d 918, 922 (9th Cir. 2011) (describing asylum relief as a benefit under the INA). Because Petitioners fail to present a colorable argument that the agency made a constitutional or legal error, we lack jurisdiction to review their petition.

The motion for a stay of removal is denied.  The temporary stay of removal remains in place until the mandate issues.

**PETITION DISMISSED.**